UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

```
Happiness A. Gill,            )
                              )
         Plaintiff,           )
                              )
   vs.                        )
                              )
Midland Credit Management,    )    1:10-cv-0848 RLY-DML
         Defendant.           )
                              )
```

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
10 JUL -2 AM 10: 48
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### I. Introduction

1. This is an action for actual, punitive, and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA").

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4. Plaintiff in this case is a resident of the full age of majority, domiciled in the City of Indianapolis, Marion County, Indiana.

5. Defendant in this case, Midland Credit Management (hereinafter referred to as "MCM"), is a "debt collector" as that term is defined by the FDCPA, and is attempting to collect a debt on behalf of Tribute Mastercard. MCM is a corporation organized under the laws of the State of Kansas whose principal business address is 8875 Aero Drive, Suite 200, San Diego, CA 92123, and is licensed to do business in Indiana.

### IV. Factual Allegations

6. MCM is a debt collection agency attempting to collect a debt from Plaintiff

7. On September 11, 2009, Plaintiff filed for bankruptcy relief under Chapter 7 of Title 11 of the United States Code under case number 09-13401-AJM-7.

8. Included with Plaintiff's bankruptcy was an unsecured debt to Tribute Mastercard.

9. Listed with Plaintiff's bankruptcy petition was the name of her attorney, John T. Steinkamp.

10. Tribute Mastercard acquired the debt collection services of MCM during the bankruptcy.

11. Plaintiff's bankruptcy was discharged by Order of the Bankruptcy Court on December 23, 2009.

12. On January 7, 2010, Plaintiff received a letter from MCM in connection with the collection of a debt allegedly owed to Tribute Mastercard.

## V.     First Claim for Relief:
## Violation of the FDCPA

13. The allegations of Paragraphs 1 through 12 of the complaint are realleged and incorporated herewith by references.

14. Defendant violated the FDCPA by mailing a letter to Plaintiff as an attempt to collect a debt despite being informed of his representation by counsel, pursuant to 15 U.S.C. §1692c.

15. Defendant violated the FDCPA by contacting Plaintiff directly instead of the attorney openly representing the debtor, pursuant to 15 U.S.C. § 1692c.

16. Defendant violated the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, pursuant to 15 U.S.C. § 1692d by sending a letter to a person known to be in bankruptcy as an attempt to collect on a debt included in that bankruptcy.

17. Defendant violated the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of any debt, pursuant to 15 U.S.C. § 1692e by sending a letter trying to collect on a debt that the bankruptcy had legally enjoined any party from collecting on.

18. Defendant violated the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt, pursuant to 15 U.S.C § 1692f by sending a letter to a party who filed bankruptcy partially to erase fear of creditors and debt collectors, and reasonably should have known that party was in bankruptcy.

19. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000, attorney fees, and costs.

WHEREFORE, Plaintiff, having set forth his claims for relief against Defendant, respectfully prays the Court as follows:

1. That Plaintiff has and recovers against Defendant a sum to be determined by the Court in the form of actual damages;

2. That Plaintiff has and recovers against Defendant a sum to be determined in the form of statutory damages;

3. That Plaintiff has and recovers against Defendant a sum to be determined in the form of punitive damages;

4. That Plaintiff has and recovers against Defendant all reasonable legal fees and expenses incurred by the attorney;

5. That Plaintiff has such other and further relief as the Court may deem just and proper.


Respectfully submitted,

_____
John T. Steinkamp
John Steinkamp and Associates
Attorney for Debtor/Plaintiff
6229 S. East St., Ste. A
Indianapolis, IN 46227
Office: (317) 782-9800
Fax: (317) 782-9812